UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WYNDHAM HOTEL GROUP
INTERNATIONAL, INC.,

                     Plaintiff,

             -v-

SILVER ENTERTAINMENT LLC and
ALLEN SILVERMAN,

                     Defendants.

15-CV-7996 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

On August 6, 2018, this Court issued an order awarding Plaintiff Wyndham Hotel Group International, Inc. ("Wyndham") damages as a result of a breach of a franchise agreement by Defendants Silver Entertainment LLC ("Silver") and Veneto Hotel & Casino, S.A. ("Veneto"). (Dkt. No. 156.) As a result of that judgment, all that remained to be resolved was Wyndham's breach of contract claim against Defendant Allen Silverman, the alleged guarantor of a note related to the franchise agreement. Silverman has moved to dismiss Wyndham's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 185.) For the reasons that follow, Defendant Silverman's motion is denied.

**I.  Background**

    **A.  Factual Background**

The Court assumes familiarity with the factual background of this case as set forth in its prior opinion. *See Wyndham Hotel Group Int'l, Inc. v. Silver Ent. LLC*, 15-cv-7996, 2018 WL 1585945, at *1 (S.D.N.Y. Mar. 28, 2018).

### B.   Procedural Background

Following the disposition of *Wyndham Hotel Group Int'l, Inc.*, 2018 WL 1585945 at *1, the Court entered a final judgment against Defendants Silver and Veneto.[1] (Dkt. No. 156.) Consequently, the only claim left was Wyndham's breach of contract claim against Defendant Allen Silverman resulting from Silverman's alleged failure to pay Wyndham the remaining balance of a note he guaranteed.[2] (*See* Dkt. Nos. 39, 159, 169.) The action against Silverman was stayed in 2016. (*See* Minute Entry, dated July 11, 2016.) On September 11, 2019, the Court lifted the stay and ordered Silverman to answer Wyndham's complaint. (Dkt. No. 179.)

Defendant Silverman responded by filing a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Dkt. No. 185.) He argues that the complaint fails to state a breach of contract claim against him because the guaranty is void for lack of consideration and void as ambiguous. (*See, e.g.,* Dkt. No. 187 at 4, 7–8.) Wyndham argues otherwise. (Dkt. No. 191 at 6, 7–11.) The motion is ripe for resolution.

## II.   Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a 12(b)(6) motion, "the court must accept as true the complaint's factual allegations and draw all inferences in the plaintiff's favor." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (citation and internal quotation

---

[1] Notably, Wyndham asserts that Defendants Silver and Veneto "have not satisfied any portion of [the final] judgment" to date. (Dkt. No. 191 at 5.)

[2] The balance remaining on the note, exclusive of interest, is $255,000 (Dkt. No. 1 ("Compl.") ¶ 29), and the recipient of the loan was Veneto. (Compl. ¶ 21.)

marks and alterations omitted). Further, in addition to "the allegations on the face of the complaint," courts considering Rule 12(b)(6) motions also "may permissibly consider documents . . . that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

**III.    Discussion**

This Court has subject-matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332. Plaintiff is a Delaware corporation with a principal place of business in New Jersey, Defendant Silverman is a New York citizen, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

Silverman challenges the breach of contract claim against him on two grounds.[3] Each is discussed in turn.

    **A.    Consideration for the Guaranty**

Silverman argues that the guaranty is void for lack of consideration because (1) the note was secured by a prior guaranty, to which Silverman was not a party; (2) the guaranty was not made contemporaneously with the franchise agreement it is purportedly related to; and (3) the loan was made "more than a month" before the guaranty was executed. (Dkt. No. 187 at 8.) Thus, according to Silverman, because there was no concurrent bargained-for exchange, additional consideration was necessary for the guaranty to be enforceable against him. (*See e.g., id.*)

---

[3] Though resolution of this state-law dispute would normally require a choice of law analysis, the parties agree that New Jersey law controls. *See Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011) (the fact that "the parties agree that New [Jersey] law controls . . . is sufficient to establish choice of law").

Wyndham argues that separate consideration is unnecessary because Silverman's guaranty replaced the prior guaranty of a note that related to the franchise agreement, and thus is still part and parcel of that agreement.  (*See* Dkt. No. 191 at 9.)  In the alternative, Wyndham argues that the guaranty was supported by separate consideration, including Wyndham's agreeing to transfer the primary obligations under the note from Silverman to Veneto in exchange for Silverman's guaranty, as well as Wyndham's forgiving "10% of the principal loan balance . . . on each anniversary of the Hotel's opening date," as detailed in the note that Silverman guaranteed.[4]  (*See* Dkt. No. 191 at 9–10.)

"Basic contract principles render a promise enforceable against the promisor if the promisee gave some consideration for the promise."  *Perfume Paradise Ltd. v. Lekach*, 07-cv-2750, 2008 WL 11510508, at *2 (D.N.J. 2008) (quoting *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 87 (2002)).  "The essential requirement of consideration is a bargained-for exchange of promises or performance that may consist of an act, a forbearance or the creation, modification, or destruction of a legal relation."  *Martindale*, 173 N.J. at 87 (quotation omitted).  Further, "[a] very slight advantage to one party, or a trifling inconvenience to the other, is [] sufficient consideration to support a contract."  *Id.* at 87–88.  Additionally, and relevant here, "past consideration is insufficient to support an agreement entered into subsequent to a primary contract" and thus "the subsequent agreement 'must be supported by new and independent consideration.'"  *Perfume Paradise Ltd.*, 2008 WL 1150508 at *2 (quoting *Emerson N.Y.-N.J.,*

---

[4] Silverman feverishly contends that none of these arguments are alleged verbatim in the complaint.  (*See* Dkt. No. 192 at 5–6.)  True.  But Silverman seemingly forgets that, when deciding a Rule 12(b)(6) motion, the Court must draw all inferences in the plaintiff's favor.  *See Caplaw Enters.*, 448 F.3d at 521 (citation omitted).  Thus, if what Wyndham argues to be consideration can reasonably be inferred from the complaint and attached documents, the Court will accept them.

4

*Inc. v. Brookwood Television, Inc.*, 122 N.J. Super. 288, 293 (Super. Ct. Law Div. 1973)). Accordingly, a guaranty not made at the same time as the contract it relates to "must be supported by separate consideration," though the "'consideration need only be slight.'" *Id.* (quoting *Walder, Sondak, Berkeley & Brogan v. Lipari*, 300 N.J. Super. 67, 79 (Super. Ct. App. Div. 1997)). Furthermore, the recipient of the consideration does not have to be the guarantor, because "[i]t matters not from whom the consideration moves or to whom it goes." *See id.* at 3 (quoting *Coast Nat'l Bank v. Bloom*, 113 N.J.L. 597, 602 (1934)); *see also Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 401 (Super. Ct. Ch. Div. 1993) ("[I]t is unnecessary that any consideration pass directly from the guarantee . . . to the guarantor.").

With these principles in mind, it is clear that separate consideration apart from the franchise agreement consideration is needed in order to enforce the guaranty against Silverman, because "past consideration is insufficient to support an agreement entered into subsequent to a primary contract." *Perfume Paradise Ltd.*, 2008 WL 1150508 at *2 (quoting *Emerson N.Y.-N.J., Inc.*, 122 N.J. Super. at 293). Further, because a "promise to pay [the] antecedent debt of another is not generally regarded as consideration for a guaranty," *Great Falls Bank*, 263 N.J. Super at 401, the consideration with respect to the actual loan payment is also insufficient to enforce the guaranty against Silverman.

That said, Wyndham successfully alleges consideration for the guaranty in two forms. First, as the note signed by Silverman as guarantor states (Dkt. No. 1-4 at 2), and as the complaint alleges (Compl. ¶ 22), "[o]n each anniversary of the Facility Opening Date, one-tenth of the original principal amount will be forgiven without payment." (Dkt. No. 1-4 at 2.) Though Veneto, the recipient of the loan, received the loan payment before the note and guaranty were executed per the terms of the franchise agreement, it did not receive the favorable loan terms

5

until the note was executed. (*Id.*) Accordingly, because "[i]t matters not from whom the consideration moves or to whom it goes," *Perfume Paradise Ltd.*, 2008 WL 1150508 at *3 (quoting *Coast Nat'l Bank*, 113 N.J.L. at 602), the beneficial loan forgiveness terms received by Veneto as part of the note that Silverman guaranteed qualify as adequate consideration. This is because, at this stage of the litigation, the Court must draw all inferences in Wyndham's favor, *Caplaw Enters.*, 448 F.3d at 521, and it is reasonable to infer that Silverman agreed to guaranty the note, at least in part, in exchange for Veneto receiving favorable loan terms.

Second, the Veneto note explicitly states that it replaced an older note on which Silverman was the primary obligor. (Dkt. No. 1-4 at 3.) Further, the Veneto note states that the older note was "marked 'signed and discharged' and returned to Silverman contemporaneously with the delivery" of the Veneto note. (*Id.*) Thus, it is a reasonable inference that Silverman guaranteed the Veneto note, in part, in exchange for his release as the primary obligor under the old note. And, at this stage of the litigation, it is an inference the Court must make in Wyndham's favor. *See Caplaw Enters.*, 448 F.3d at 521 ("[T]he court must accept as true the complaint's factual allegations and *draw all inferences in the plaintiff's favor*" when deciding a 12(b)(6) motion.) (emphasis added) (citation and internal quotation marks and alterations omitted). Thus, because consideration need only be "[a] very slight advantage to one party," *Martindale*, 173 N.J. at 87–88, and Silverman's release as the primary obligor of the older note can reasonably be understood to advantage him, separate consideration for the guaranty is properly found here.

Accordingly, Silverman's motion to dismiss the breach of contract claim on the ground that the guaranty lacked consideration must be denied.

### B.     Ambiguity of the Guaranty

Silverman next argues that the guaranty is too ambiguous to hold him personally liable.[5] (*See e.g.,* Dkt. No. 187 at 4, 8.)  Specifically, he argues that because the guaranty lacks the phrase "personally guarantees" or any variation of the word "personal," that somehow makes the guaranty too vague as to his personal liability.  (Dkt. No. 187 at 8.)  This argument is meritless.

"[I]n order to be enforceable, the terms of [] a contract must be sufficiently clear and capable of judicial interpretation."  *Shebar v. Sanyo Bus. Sys. Corp.*, 111 N.J. 276, 290 (N.J. 1988).  And, "[w]hen resolving questions as to the interpretation of contracts of guarantee, [courts] look to the rules governing construction of contracts generally."  *Center 48 Ltd. Partnership v. May Dep't Stores Co.*, 355 N.J. Super. 390, 405 (App. Div. 2002) (citation omitted).  Further, "[i]t is fundamental that a guarantor is not bound beyond the strict terms of its promise," and though "any ambiguity should be construed in favor of the guarantor, the agreement should be interpreted according to its clear terms so as to effect the objective expectations of the parties."  *Id.* at 405–06 (quotation omitted).

With these principles in mind, the Court easily concludes that the guaranty is unambiguous.  In relevant part, the note states: "In the event that Maker shall fail to pay Holder, on or before the fifteenth (15th) day following written demand therefore, any or all amounts due and payable under this Note, then Guarantor shall pay to Holder any and all such amounts due to

---

[5] Oddly, one of Silverman's arguments on this point is that "[t]here is no commercially reasonable purpose" for him to personally guaranty a loan that provided funds to his sons' hotel, the Veneto. (Dkt. No. 187 at 9.)  This argument seems directed more toward the issue of consideration than of ambiguity, as it deals with the question of what would induce Silverman to enter into such a guaranty.  And, as the Court has discussed, Silverman and his sons received adequate consideration for entering into the guaranty, namely, a release from being the primary obligor on the old note for Silverman, and favorable loan forgiveness terms for his sons' hotel, the Veneto.  *See supra.*

Holder by Maker." (Dkt. No. 1-4 at 3.) Further, and critically, not even half a page down, the note contains the following language: "By signing below, Guarantor agrees to be bound by the terms and provisions of this Note." (*Id.*) Though Silverman argues otherwise, this language is "sufficiently clear and capable of judicial interpretation." *Shebar*, 111 N.J. at 290. Further, the only logical "objective expectation[] of the parties," with respect to the note and the "clear terms" of the guaranty language in particular, *Center 48 Ltd. Partnership*, 355 N.J. Super. at 406 (quotation omitted), is that in the event that the principal amount was not completely forgiven, and Veneto failed to pay Wyndham back, Silverman, as "Guarantor, shall pay to [Wyndham] any and all such amounts due to [it] by [Veneto]." (Dkt. No. 1-4 at 3.)

Consequently, Defendant Silverman's motion to dismiss for failure to state a breach of contract claim against him because the guaranty is void as ambiguous must be denied.

\* \* \*

Because a fair reading of the complaint and attached documents show that Wyndham may be entitled to relief, Silverman's Rule 12(b)(6) motion to dismiss is denied.

**IV.    Conclusion**

For the foregoing reasons, Defendant Allen Silverman's motion to dismiss is DENIED.

Defendant Silverman shall file an answer within 14 days of the date of this Opinion and Order.

The Clerk of Court is directed to close the motion at Docket Number 185.

SO ORDERED.

Dated: September 14, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge