UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

WYNDHAM HOTEL GROUP
INTERNATIONAL, INC.,

                        Plaintiff,

          -v-

SILVER ENTERTAINMENT LLC and
ALLEN SILVERMAN,

                        Defendants.

15-CV-7996 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      In October 2015, Plaintiff Wyndham Hotel Group International, Inc. ("Wyndham") filed this action against Defendants Silver Entertainment LLC ("Silver"), Veneto Hotel & Casino, S.A. ("Veneto"), and Allen Silverman as a result of a breach of a franchise agreement. (Dkt. No. 1. ("Compl.")) Before the Court now is Wyndham's motion for summary judgement against Allen Silverman. (Dkt. No. 214.) For the reasons that follow, Wyndham's motion is granted.

**I.    Background**

      **A.    Factual Background**

      The Court assumes familiarity with the factual background of this case as set forth in its prior opinion. *See Wyndham Hotel Grp. Int'l, Inc. v. Silver Ent. LLC*, No. 15 Civ. 7996, 2018 WL 1585945, at *1 (S.D.N.Y. Mar. 28, 2018).

### B. Procedural Background

Following the disposition of *Wyndham Hotel Group International, Inc.*, 2018 WL 1585945, in which the Court granted summary judgment to Wyndham against Silver and Veneto as to liability, the Court entered a final judgment against Defendants Silver and Veneto.[1] (Dkt. No. 156.) The Court then lifted a stay of the action against Silverman (Dkt. No. 179), and in December 2019, Silverman filed a motion to dismiss Wyndham's claim (Dkt. No. 185), which was denied (Dkt. No. 198). Contrary to Silverman's contentions, the Court concluded that at the motion to dismiss stage of litigation there was sufficient evidence of consideration for Silverman's guaranty of the December 2007 Note and that the guaranty was unambiguous. (Dkt. No. 198 at 3–8.)

Now before the Court is Wyndham's motion for summary judgment against Silverman. (Dkt. No. 214.) Wyndham argues that summary judgment should be granted in its favor because the December 2007 Note — including the guaranty — is a valid contract and it is undisputed that there remains a balance of $255,000 due on the Note.[2] (Dkt. No. 215 at 4–10.) Wyndham additionally argues that it is entitled to recover attorney fees and collection costs, pursuant to the terms of the franchise agreement. (Dkt. No. 215 at 10–11.)

### II. Legal Standard

Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-movant, there are no genuine issues of material fact and the moving party is

---

[1] Wyndham asserts that Silver and Veneto have not yet satisfied any portion of the judgment. (Dkt. No. 215 at 1 n.1.)

[2] The balance remaining on the note, exclusive of interest, is $255,000 (Compl, ¶ 29), and the recipient of the loan was Veneto. (Compl. ¶ 21.) As noted above, Silver and Veneto have not yet satisfied any portion of the judgment.

entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Gayle v. Gonyea,* 313 F.3d 677, 682 (2d Cir. 2002) (quotation marks omitted). The moving party has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286 (2d Cir. 2002).

**III.    Discussion**

Wyndham argues that it is entitled to summary judgment against Silverman because the December 2007 Note, including the guaranty, satisfies the elements of a valid contract under New Jersey law: "mutual assent, consideration, legality of object, capacity of the parties and formality of memorialization." *Cohn v. Fisher*, 287 A.2d 222, 224 (N.J. Super. Ct. Law Div. 1972). Silverman only disputes the elements of consideration and capacity. (*See generally* Dkt. No. 225.) Each is discussed in turn.

**A.    Consideration Supporting the Guaranty**

Silverman argues that the guaranty is void for lack of consideration because the "benefit of the transaction flowed to Veneto," not to Silverman, and Silverman held no equity interest in Veneto. (Dkt. No. 225 at 5–6.) Therefore, Silverman contends, there is a genuine dispute of fact as to what separate consideration was provided to Silverman in exchange for the guaranty. (*See* Dkt. No. 225 at 5–8.)

As discussed in the September 14, 2020 Opinion and Order denying Silverman's motion to dismiss, the Court concluded that separate consideration apart from the franchise agreement consideration was needed to enforce the guaranty against Silverman. (Dkt. No. 198 at 5.) However, Wyndham establishes two ways in which additional consideration was provided in exchange for the note. (Dkt. No. 215 at 8.) First, the December 2007 Note replaced the March

3

2007 Note made by Silverman, releasing Silverman as the primary obligor under the March 2007 Note. (*Id.*) Second, the December 2007 Note explains that ten percent of the principal loan balance was to be forgiven on each anniversary of the hotel's opening date. (*Id.*) Silverman does not address these two facts.

The Court concludes that there is no genuinely disputed question of fact as to whether the guaranty lacked consideration. On April 15, 2008, Wyndham returned the March 2007 Note, marking it null and void, and noting that it had been "replaced by a new Note dated December 3, 2007 in the sum of $850,000 signed by Veneto." (Dkt. No. 217-2 at 2.) Thus, it is undisputed that the December 2007 Note released Silverman as the primary obligor. The Court concludes that this is adequate separate consideration for the guaranty of the Note.

**B.     Lack of Capacity**

Silverman next argues, albeit indirectly, that he lacked capacity to sign the guaranty. (*See* Dkt. No. 225 at 8–11.) He contends that the Court should not rely on Silverman's December 22, 2020 testimony because his "lack of memory and confusion during his deposition clearly do not tend to demonstrate someone with the capacity to undertake a sophisticated commercial contract today." (Dkt. No. 225 at 8.) Silverman urges the Court to conclude that his alleged lack of capacity in 2020, as demonstrated by the deposition, raises a genuine issue of fact as to Silverman's capacity when he signed the Note in March 2007 and the guaranty in December 2007. (Dkt. No. 225 at 9.) Additionally, Silverman argues that though he signed the Note, there is a genuine dispute of fact as to whether he was represented by counsel at the time. (Dkt. No. 225 at 10–11.)

"[T]he party seeking to set aside [an] agreement has the burden of proving his incapacity or incompetence to contract or other extraordinary circumstance sufficient to vitiate the

4

agreement." *Jennings v. Reed*, 885 A.2d 482, 488 (N.J. Super. Ct. App. Div. 2005). This burden must be demonstrated by clear and convincing evidence. *See Jackson-Bille v. Virtua Mem'l Hosp. Burlington Cnty., Inc.*, No. A-0418-19T2, 2020 WL 1983054, at *1 (N.J. Sup. Court. App. Div. Apr. 27, 2020). The test for mental capacity is whether:

> [A] man [or woman] [has] the ability to understand the nature and effect of the act in which he [or she] is engaged, and the business he [or she] is transacting . . . . [I]f the mind be so clouded or perverted by age, disease, or affliction, that he [or she] cannot comprehend the business in which he [or she] is engaging, then the writing is not his [or her] deed.

*Wolkoff v. Villane*, 672 A.2d 242, 245 (N.J. Super. Ct. App. Div. 1996) (internal quotation marks omitted).

Silverman has failed to demonstrate that there is a genuine factual dispute — much less that there is clear and convincing evidence — that he lacked the mental capacity to sign either the Note or the guaranty. Silverman has produced no documentation, such as medical or expert reports, to establish his incapacity. Rather, he points only to his deposition, taken in 2020, to contend that there is a genuine issue of material fact that he lacked capacity in 2007. (Dkt. No. 225 at 8–9.) He also contends that there is a genuine issue of material fact as to whether he was represented by counsel at the time he signed the Note and guaranty. (Dkt. No. 225 at 10–11.) These claims fall short of showing a genuine factual dispute with respect to Silverman's alleged incapacity. *See generally Jackson-Bille*, at 2020 WL 1983054, at *2.[3]

---

[3] Silverman simultaneously contends that his December 2020 deposition should be stricken because it is wholly unreliable and demonstrates a complete lack of capacity. (Dkt. No. 225 at 8–9.) But he provides no factual or legal support for this claim, and the Court declines to strike his deposition.

### C. Attorney Fees and Costs

Finally, Wyndham contends that it is entitled to recover attorney fees and collection costs under the franchise agreement. (Dkt. No. 215 at 10.) The Court agrees. Under the agreement, either party may recover these fees and costs for the successful enforcement of the agreement. (Dkt. No. 110-7 §§ 18(F), 27(F).) Accordingly, Wyndham will be awarded its reasonable attorney fees and costs in enforcing the agreement.

## IV. Conclusion

For the foregoing reasons, Wyndham's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of Wyndham against Allen Silverman in the amount of $255,000 plus 18% interest per annum from August 12, 2015 to the date of this order, February 1, 2022 (*see* Dkt. No. 156 at 1–2).

Within four weeks after the date of this order, Wyndham may file a motion for attorney fees and costs, supported by appropriate documentation. Plaintiff will have three weeks to submit any response to Wyndham's motion for fees and costs.

The Clerk of Court is directed to close the motion at Docket Number 214 and to mark this case as closed.

The Clerk of Court is also directed to mail a copy of this order to Defendant Allen Silverman at the address below and to update ECF with that address.

SO ORDERED.

Dated: February 1, 2022
    New York, New York

_____
J. PAUL OETKEN
United States District Judge

**Mailed to:**
    **Allen Silverman**
    **960 Park Avenue, Apt. 5E**
    **New York, NY 10028**